# Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
FCA US LLC and DOES 1 to 50

FCA US LLC
Office of the General Counsel
OCT 22 2018
By Mail/Reg. Agent/ Sec. of State/Proc.Server

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
RON JOHNSON

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California, County of Orange
09/28/2018 at 03:21:20 PM
Clerk of the Superior Court
By Isia Vazquez, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
700 CIVIC CENTER DRIVE WEST
SANTA ANA, CA 92701

CASE NUMBER: *(Número del Caso):* Judge Deborah Servino
30-2018-01022236-CU-BC-CJC

RECEIVED

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Additional Parties Attachment form is attached
(As directed by the Clerk's Office)

OCT 23 2018
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

DATE: *(Fecha)* 09/28/2018 DAVID H. YAMASAKI, Clerk of the Court Clerk, by *(Secretario)* Isia Vazquez , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]
SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE

RECEIVED
OCT 22 2018
Office of the General Counsel

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: FCA US LLC
under:
- ☒ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ other *(specify)*:
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
4. ☐ by personal delivery on *(date)*:

SUM-200(A)

| SHORT TITLE: Ron Johnson v. FCA US LLC | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

- → This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- → If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☐ Defendant ☐ Cross-Complainant ☐ Cross-Defendant
XX Attorneys

ANDERSON LAW FIRM
MARTIN W. ANDERSON, State Bar No. 178422
2070 North Tustin Avenue
Santa Ana, California 92705
Tel: (714) 516-2700 ▪ Fax: (714) 532-4700

LAW OFFICE OF JEFFREY KANE
JEFFREY KANE, State Bar No. 183974
20902 Brookhurst Street, Suite 210
Huntington Beach, California 92646
Tel: (714) 964-6900 ▪ Fax: (714) 964-6944

ELECTRONICALLY FILED
Superior Court of California, County of Orange
09/28/2018 at 03:21:20 PM
Clerk of the Superior Court
By Isia Vazquez,Deputy Clerk

ANDERSON LAW FIRM
MARTIN W. ANDERSON, State Bar No. 178422
2070 North Tustin Avenue
Santa Ana, California 92705
Tel: (714) 516-2700 ▪ Fax: (714) 532-4700

LAW OFFICE OF JEFFREY KANE
JEFFREY KANE, State Bar No. 183974
20902 Brookhurst Street, Suite 210
Huntington Beach, California 92646
Tel: (714) 964-6900 ▪ Fax: (714) 964-6944

Attorneys for Plaintiff Ron Johnson

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ORANGE**

**CENTRAL JUSTICE CENTER**

| | |
|---|---|
| RON JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC and DOES 1 to 50,<br><br>Defendants. | Case Number 30-2018-01022236-CU-BC-CJC<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge Deborah Servino |

Plaintiff alleges as follows:

**PARTIES**

1. As used in this Complaint, the word "Plaintiff" shall mean Plaintiff RON JOHNSON.

2. As used in this Complaint, the word "Defendant," when used without reference to a specific named Defendant shall mean Defendants FCA US LLC and DOES 1 to 50.

3. Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 50. They are sued pursuant to Code of Civil Procedure section

RECEIVED
OCT 22 2018
Office of the General Counsel

474. When Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 50, Plaintiff will amend this Complaint to state their true names and capacities.

**FIRST CAUSE OF ACTION**

**BY PLAINTIFF RON JOHNSON AGAINST DEFENDANTS FCA US LLC AND DOES 1 TO 50**

**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

**CAL. CIV. CODE § 1794**

4. On or about February 23, 2017, Plaintiff purchased a 2017 Jeep Rubicon Unlimited, VIN # 1C4HJWFG5HL540378 (hereafter "Vehicle") which was manufactured, distributed, or sold by Defendant. The total consideration which Plaintiff paid or agreed to pay, including taxes, license, and finance charges is $75,394.00. The Vehicle was purchased and/or used primarily for personal, family, or household purposes, or qualifies as a new motor vehicle under subdivision (e)(2) of Civil Code section 1793.22. Plaintiff purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

5. In connection with the purchase, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

6. During the warranty period, the Vehicle contained or developed various defects, including but not limited to defects which cause the transmission to slip and defects which cause the vehicle to go into limp home mode.

7. Pursuant to Civil Code §§ 1792 and 1791.1, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

8. The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labeled; and (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

9. During the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 6, above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

10. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

11. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to Civil Code § 1794.

12. Plaintiff's agreement to purchase the Vehicle was memorialized in a written document which provides, among other things, that "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF." Defendants DOES 10 through 19 are or, at one time, were holders of the contract and are thus subject to all claims and defenses which Plaintiff could assert against the seller.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

**SECOND CAUSE OF ACTION**

**BY PLAINTIFF RON JOHNSON AGAINST DEFENDANTS FCA US LLC AND DOES 1 TO 50**

**BREACH OF THE IMPLIED WARRANTY OF FITNESS**

**CAL. CIV. CODE § 1794**

13. Plaintiff incorporates by reference the allegations contained in paragraphs 4 through 6 and paragraph 10, above.

14. Defendant is a manufacturer, distributor, or seller who had reason to know at the time of the retail sale that the Vehicle was required for a particular purpose and that the Plaintiff was relying on the Defendant's skill or judgment to select or furnish suitable goods.

15. Pursuant to Civil Code § 1792.1, the sale of the Vehicle was accompanied by Defendant's implied warranty that the Vehicle would be fit for Plaintiff's particular purpose. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

16. On or about February 23, 2017, or during the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 6, above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle is not fit for Plaintiff's particular purpose.

17. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to Civil Code § 1794.

18. Plaintiff's agreement to purchase the Vehicle was memorialized in a written document which provides, among other things, that "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF." Defendants DOES 10 through 19 are or, at one time, were holders of the contract and are thus subject to all claims and defenses which Plaintiff could assert against the seller.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

**THIRD CAUSE OF ACTION**

**BY PLAINTIFF RON JOHNSON AGAINST DEFENDANTS FCA US LLC AND DOES 1 TO 50**

**SALE OF DEFECTIVE MERCHANDISE WITHOUT DISCLOSING DEFECTS**

**BUS. & PROF. CODE, § 17531; § 17535**

19. On or about February 23, 2017, Defendant advertised, called attention to, or gave publicity to the sale of merchandise, which merchandise was defective in any manner, without conspicuously displaying directly in connection with the name and description of that merchandise and each article, unit, or part thereof, a direct and unequivocal statement, phrase, or word which clearly indicated that the merchandise or each article, unit, or part thereof so advertised was defective, in violation of Business & Professions Code section 17531.

20. The representations were made in a newspaper, magazine, circular, form letter or in an open publication, published, distributed, or circulated in this state, including over the Internet, or on any billboard, card, label, or other advertising medium, or by means of another advertising device.

21. Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's violation of Business & Professions Code section 17531. Pursuant to Business & Professions Code section 17535, the Court may enjoin Defendant from engaging in any future violations of section 17531, and may make such orders or judgments, including the appointment of a receiver, as may be necessary to restore to Plaintiff any money or property, real or personal, which may have been acquired by means of the violation of Business & Professions Code section 17531.

22. Plaintiff's agreement to purchase the Vehicle was memorialized in a written document which provides, among other things, that "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF." Defendants

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

DOES 10 through 19 are or, at one time, were holders of the contract and are thus subject to all claims and defenses which Plaintiff could assert against the seller.

**FOURTH CAUSE OF ACTION**

**BY PLAINTIFF RON JOHNSON AGAINST DEFENDANTS FCA US LLC AND DOES 1 TO 50**

**BREACH OF EXPRESS WARRANTY**

**CAL. CIV. CODE § 1794**

23. Plaintiff incorporates by reference the allegations contained in paragraphs 4 through 6 and paragraph 10, above.

24. In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff may continue to do so even after this lawsuit is filed. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

25. In addition, Defendant provided a warranty by virtue of a sample or model. However, the Vehicle did not conform to the sample or model that Defendant provided.

26. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this claim pursuant to Civil Code § 1794.

27. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its representative were aware of their obligation to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c).

28. Plaintiff's agreement to purchase the Vehicle was memorialized in a written document which provides, among other things, that "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF." Defendants DOES 10 through 19 are or, at one time, were holders of the contract and are thus subject to all claims and defenses which Plaintiff could assert against the seller.

**FIFTH CAUSE OF ACTION**

**BY PLAINTIFF RON JOHNSON AGAINST DEFENDANTS FCA US LLC AND DOES 1 TO 50**

**FAILURE TO PROMPTLY REPURCHASE PRODUCT**

**CAL. CIV. CODE § 1793.2(d)**

29. Plaintiff incorporates by reference the allegations contained in paragraphs 4 through 6, above.

30. Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code §§ 1793.2(d) and 1793.1(a)(2), and will continue to fail to promptly do so even after this lawsuit is filed.

31. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore brings this claim pursuant to § 1794.

32. Plaintiff's agreement to purchase the Vehicle was memorialized in a written document which provides, among other things, that "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF." Defendants DOES 10 through 19 are or, at one time, were holders of the contract and are thus subject to all claims and defenses which Plaintiff could assert against the seller.

33. Civil Code § 1793.2(d) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare. Defendants DOES 20 to 40 are persons who are in a position of responsibility which allows them to influence business policies

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations. Their actions or inactions facilitated the violations alleged herein.

34. Defendants DOES 30 to 50 are persons who aided, abetted, and/or ratified the violations of Civil Code § 1793.2(d) alleged in this cause of action.

35. Defendant's failure to comply with its obligations under § 1793.2(d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution despite Plaintiff's demand. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

36. Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with § 1793.22. Despite Defendant's violation of § 1793.2(d) and its notice thereof, Defendant failed to comply with its obligations within a reasonable time. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(e).

37. Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and (e) in the alternative and does not seek to cumulate civil penalties, as provided in § 1794(f).

**SIXTH CAUSE OF ACTION**

**BY PLAINTIFF RON JOHNSON AGAINST DEFENDANTS FCA US LLC AND DOES 1 TO 50**

**FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME AND TO COMPLETE THEM WITHIN 30 DAYS**

**CAL. CIV. CODE § 1794**

38. Plaintiff incorporates by reference the allegations contained in paragraphs 4 through 6 and paragraph 10, above.

39. Although Plaintiff delivered the Vehicle to Defendant's representative in this state and may continue to do so even after this lawsuit is filed, Defendant and its representative failed

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

40. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to § 1794.

41. Plaintiff's agreement to purchase the Vehicle was memorialized in a written document which provides, among other things, that "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF." Defendants DOES 10 through 19 are or, at one time, were holders of the contract and are thus subject to all claims and defenses which Plaintiff could assert against the seller.

42. Defendant's failure to comply with its obligations under § 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

**SEVENTH CAUSE OF ACTION**

**BY PLAINTIFF RON JOHNSON AGAINST DEFENDANTS FCA US LLC AND DOES 1 TO 50**

**CONVERSION**

43. Plaintiff incorporates by reference the allegations contained in the Fifth Cause of Action, above.

44. Plaintiff is the owner of and has an immediate right to possession of a specific sum of money which is capable of identification. (*Farmers Ins. Ex. v. Zerin* (1997) 53 Cal.App.4th 445, 451-52.) Specifically, pursuant to Civil Code § 1793.2(d), Plaintiff is entitled to restitution of the amounts paid or payable for the Vehicle from Defendant.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

45. Instead of delivering the money to which Plaintiff is entitled to Plaintiff, Defendant has wrongfully converted that money for its own use.

46. As a result of Defendant's conversion, Plaintiff has suffered damages.

47. Defendant's conduct was fraudulent, oppressive, and malicious, and thus, Plaintiff is entitled to recover punitive damages pursuant to Civil Code section 3294. Specifically, Defendant was aware of its obligation to make restitution to Plaintiff and intentionally failed to do so. In addition, Defendant falsely and intentionally misrepresented to Plaintiff that it was not obligated to make restitution. Furthermore, Defendant is aware that Plaintiff has little choice but to continue using the defective Vehicle until Defendant makes restitution, and Defendant intentionally refused to make restitution to Plaintiff with the intent of arguing that Plaintiff's continued use is a reason to deny restitution to Plaintiff.

**PRAYER**

PLAINTIFF PRAYS for judgment against Defendant as follows:

1. For Plaintiff's damages in the amount of at least $75,394.00.

2. For restitution to Plaintiff in the amount of $75,394.00.

3. For an order enjoining Defendants from engaging in any act or practice constituting a violation of Business & Professions Code section 17531.

4. On Plaintiff's Fourth Cause of Action, for a civil penalty for each violation in the amount of $150,788.00, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c).

5. On Plaintiff's Fifth Cause of Action, for a declaration that Defendant is obliged to make restitution to Plaintiff pursuant to subdivision (d) of Civil Code section 1793.2 and to brand the title as required by subdivision (c) of Civil Code section 1793.23.

6. On Plaintiff's Fifth Cause of Action, for a civil penalty for each violation in the amount of $150,788.00, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c) and (e).

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

7. On Plaintiff's Sixth Cause of Action, for a civil penalty for each violation in the amount of $150,788.00, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c).

8. On Plaintiff's Seventh Cause of Action, for punitive damages.

9. For any consequential and incidental damages.

10. For costs of the suit and Plaintiff's reasonable attorneys' fees.

11. For prejudgment interest at the legal rate.

12. And for such other relief as the Court may deem proper.

DATED: September 28, 2018

ANDERSON LAW FIRM
MARTIN W. ANDERSON
JEFFREY KANE

By: s/ Martin W. Anderson
MARTIN W. ANDERSON
Attorney for Plaintiff Ron Johnson

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

DATED: September 28, 2018

ANDERSON LAW FIRM
MARTIN W. ANDERSON
JEFFREY KANE

By: s/ Martin W. Anderson
MARTIN W. ANDERSON
Attorney for Plaintiff Ron Johnson

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700